UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 4:19cr41

**SHAWN LIPSCOMB,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the court on the Defendant's Motion to Suppress, filed on May 24, 2019. ECF No. 15. The Defendant argues that all evidence of child pornography obtained pursuant to a search of his residence and electronic devices should be suppressed, because the facts alleged in support of the search warrant were not sufficient to show probable cause that child pornography would be found on these electronic devices. Id. The United States filed a Response on June 5, 2019, arguing that the search warrant executed for the Defendant's electronic devices was supported by probable cause. ECF No. 23. The Defendant filed a Reply on June 10, 2019. ECF No. 27. On June 11, 2019, the court held a hearing on the Motion to Suppress, at which evidence and argument were presented by counsel for the parties.

# I.

On November 14, 2018, S.D. Lacy, an investigator with the Isle of Wight County Sheriff's Office, applied for a warrant to search all the electronic devices at a home in Newport News. ECF Nos. 15-1, 28-1 ("search warrant application" or "application"). Lacy intended to search for evidence of a possible violation of Va. Code § 18.2-374.3, which prohibits using "communications systems," such as the Internet, to facilitate either the procurement of child pornography or the taking of indecent liberties with a minor. Appl. at 1. Lacy specifically intended to search "[t]he content of [computers, phones, and other electronic devices] for information about the user/identity and any information relating to the solicitation, possession, reproduction, or distribution of Child Pornography including images and videos classified as Child Pornography." Id.

In support of his application, Lacy submitted a sworn affidavit, in which he stated that he maintains an "undercover account" on a website called "Skout.com," in which he poses as a sixteen year-old girl. Id. at 4. On October 19, 2018, Lacy was contacted on his undercover account by a user claiming to be another sixteen year-old girl, using the pseudonym "Misstiff." Id. "Misstiff" requested that the conversation be transferred to the online messaging service "Kik," although on Kik the unknown user went by the pseudonym "tiffany4ualways." Id.

2

Lacy stated that "tiffany4ualways" tried to solicit nude photos from his undercover account. Id. Specifically, "tiffany4ualways" requested "full naked body pics face all in pic." Id. Following this one message exchange, Lacy subpoenaed Kik, which provided him with the Cox and T-Mobile IP addresses that had sent these "tiffany4ualways" messages. Id. He then subpoenaed Cox, which provided a home address for the Cox account holder with the "tiffany4ualways" IP address. Id. The only information provided by Cox regarding the possible residents of the home is that the Cox account holder was a person named "Tonya Shears." Id.

Lacy then applied for a warrant to search the home for all electronic devices at the location, and the content thereof. Id. In support of the warrant application, Lacy recounted the facts of the October 19, 2018 message exchange, and his subsequent subpoenas to Kik and Cox. Id.[1] No information was provided about the identity of any residents of the home, other than the information that the Cox account holder was named "Tonya Shears." Id.[2] Lacy stated that it was necessary to search all of the electronic devices in this home because, in his training and

---

[1] The application does not state that Lacy sought information from T-Mobile about the T-Mobile IP address. See Appl.

[2] The record is silent as to any additional facts about Tonya Shears. Neither party has made known to the court whether she is, or was, an owner or resident of the home that the investigators searched, or if she has any other connection to this case.

3

experience investigating child exploitation crimes, perpetrators often use multiple electronic devices to solicit and store child pornography. Id.³

The requested search warrant was issued by the state magistrate. Id. at 1. Investigators executed a search of the home on November 16, 2018. Mot. Suppress at 3. During the search, the investigators recovered several electronic devices, and also interviewed the Defendant. Id. at 4.⁴ Based on the results of the search, the Defendant is now indicted on five counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). Id. at 1.

## II.

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

---

³ There is no record evidence of Lacy's training and experience in these types of investigations, or otherwise, other than this summary assertion in the search warrant application.

⁴ The record is silent as to how investigators determined that the home they were searching was the Defendant's residence, see supra note 2 and accompanying text, or why it was determined that the Defendant should be interviewed. The legal propriety of the Defendant's interview was not raised in either the Motion to Suppress or at the hearing on June 11, 2019, except to the extent that the Defendant seeks to suppress "any and all evidence derived from the search" of his residence. Mot. Suppress at 7. Counsel may need to clarify whether this suppression includes statements made during the Defendant's interview on November 16, 2018. See infra note 9 and accompanying text.

searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "In order to effectuate the Fourth Amendment's guarantee of freedom from unreasonable searches and seizures," defendants have the right, "upon motion and proof, to have excluded from trial evidence which ha[s] been secured by means of an unlawful search and seizure." Simmons v. United States, 390 U.S. 377, 389 (1968) (citing Weeks v. United States, 232 U.S. 383 (1914)).

When police undertake a search in order to discover evidence of a crime, the Fourth Amendment's reasonableness standard generally requires them to obtain a search warrant. Riley v. California, 573 U.S. 373, 382 (2014)(citation omitted). A successful application for a search warrant must be sufficient to support a finding of probable cause by a neutral, detached magistrate. United States v. Leon, 468 U.S. 897, 915 (1984). The Fourth Amendment requires that the facts in a warrant application supporting probable cause must be set forth "by Oath or affirmation." United States v. Doyle, 650 F.3d 460, 471 (4th Cir. 2011) (quoting U.S. Const. amend. IV). To satisfy this standard, the officer applying for a search warrant before the state magistrate must set forth the facts supporting probable cause in a sworn affidavit. Va. Code § 19.2-54; see Fed. R. Crim. P.

5

42(d)(2) (setting forth the same standard for federal search warrants).

A reviewing court "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" Leon, 468 U.S. at 915 (quoting Illinois v. Gates, 462 U.S. 213, 239 (1983)). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." Id. (citation omitted). As the Court stated in Gates:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given <u>all the circumstances set forth in the affidavit before him</u>, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

462 U.S. at 238 (emphasis added) (citation omitted). Consequently, when presented with a search warrant application, the state magistrate, and a reviewing court, will restrict their inquiries on probable cause to the facts set forth in the four corners of the officer's sworn affidavit.

Probable cause "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will

6

be found" in the place to be searched. <u>Ornelas v. United States</u>, 517 U.S. 690, 696 (1996) (citations omitted). To determine whether probable cause exists, the issuing magistrate must determine whether, given the totality of the circumstances presented in the sworn affidavit, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." <u>Gates</u>, 462 U.S. at 238-39.

Even where the reviewing court finds that a search was not supported by probable cause, however, the "good faith" exception may apply. The "good faith" exception to the warrant requirement provides that evidence need not be suppressed when the police obtain such evidence through a good faith reliance on a facially valid warrant, even if such warrant is later found to lack probable cause. <u>Leon</u>, 468 U.S. at 920. If evidence was obtained pursuant to a facially valid warrant, suppression is only appropriate if the officer executing the warrant has "no reasonable grounds for believing that the warrant was properly issued." <u>Id.</u> at 923. The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." <u>Id.</u> at 922 n. 23. Applying the good faith exception does not require an inquiry "into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant." <u>Id.</u>

There are four (4) specific situations where the executing officers have "no reasonable grounds for believing that the warrant was properly issued," and where evidence must therefore be suppressed, even though it was obtained pursuant to a search warrant: (1) the warrant application contains false or misleading information; (2) the magistrate "wholly abandoned his judicial role" by failing to act as a neutral decisionmaker; (3) the warrant application is "so lacking in indicia of probable cause" that the executing officers cannot reasonably believe there is probable cause for the search; (4) the search warrant is so vague—by failing to state with particularity the place to be searched or the things to be seized—that the executing officers cannot reasonably believe it is a valid warrant. Id. at 923. Although the court considers only the information set forth in the sworn affidavit when reviewing a magistrate's probable cause determination, in determining whether a warrant application is "so lacking in indicia of probable cause" that the executing officers cannot reasonably believe there is probable cause for the search, the court may "look beyond the four corners of the affidavit," and consider "facts well known [to the investigating officer] but omitted from the affidavit presented to the magistrate." United States v. Thomas, 908 F.3d 68, 73 (4th Cir. 2018).

## III.

In his Motion to Suppress, the Defendant argues that police lacked probable cause to search the electronic devices in his residence because the warrant application did not contain sufficient information to reasonably support a conclusion that evidence of a crime would be found on the electronic devices. Mot. Suppress at 5. The Defendant points to the fact that, in the message exchange that preceded the search of the Defendant's residence, "tiffany4ualways" only solicited "full naked body pics face all in pic" from the undercover account, which the Defendant argues is not a solicitation of "child pornography" as that term is defined by law. Id.

The Defendant's argument relies heavily on United States v. Doyle, 650 F.3d 460 (4th Cir. 2011), in which the Fourth Circuit held there was no probable cause to support a search warrant of a defendant's residence for child pornography where the only allegation concerning child pornography was that, at some unspecified time, the defendant showed a child "pictures of nude children." Id. at 472. The Fourth Circuit held that "pictures of nude children" did not necessarily constitute "child pornography," because "child pornography" is defined by law to require a "lewd

exhibition" of nudity, not merely any nudity of any underaged person. Id. at 473.[5]

The warrant application submitted to the state magistrate did not provide a "substantial basis" from which to conclude that evidence of child pornography would be found on "any and all" of the electronic devices in the home associated with the Cox and Kik accounts. See Gates, 462 U.S. at 236 (citation omitted). The warrant application describes a single message exchange between Lacy and "tiffany4ualways," in which "tiffany4ualways" solicited nude photos from Lacy's undercover account. The warrant application does not allege that any actual photos were exchanged, nor does it allege that any specific details regarding the photographs were discussed. The only information provided about the content of the solicited pictures is that they were to be nude photos, specifically "full naked body pics face all in pic." Appl. at 4.

"Child pornography," as that term is defined in Virginia law, requires more than mere nudity of an underaged person. Doyle, 650

---

[5] In Doyle, the Fourth Circuit was analyzing the Virginia state law definition of "child pornography." 650 F.3d at 473. This standard was applied because officers applied for a search warrant of Doyle's residence due to suspected violations of Virginia's state law prohibition against the possession of child pornography. Id. at 464. The search warrant at issue in the instant case was also based on suspected violations of Virginia's state law prohibition against the possession of child pornography, see Appl. at 1, so the standard for child pornography that the Fourth Circuit applied in Doyle would also apply in this case.

F.3d at 473. To constitute child pornography, an image must contain a "lewd exhibition" of an underaged person. Id. Since there are no details known about the solicited photos, other than they were to be "full naked body pics face all in pic," it cannot be determined that the photos would constitute a "lewd exhibition" of an underaged person. The solicited photos, therefore, do not meet the definition of "child pornography" under Virginia law. Id. Accordingly, the solicitation of the nude photos by "tiffany4ualways," without more, did not constitute a criminal offense. Simply put, no crime occurred during the message exchange.

Therefore, the question becomes whether the one message exchange, soliciting naked photos, by itself creates probable cause that child pornography would be recovered on electronic devices in the home identified in response to the Cox subpoena. See Ornelas, 517 U.S. at 696 (probable cause exists where "contraband or evidence of a crime will be found") (emphasis added) (citations omitted); Gates, 462 U.S. at 238-39 (probable cause exists if the totality of the circumstances show a "fair probability that contraband or evidence of a crime will be found in a particular place") (emphasis added). The warrant application describes only a single message exchange on one day between "tiffany4ualways," purportedly a sixteen year-old girl, and Lacy's undercover internet account, also purportedly that of a sixteen year-old girl. Importantly, the warrant application does not

11

contain any facts tending to suggest that "tiffany4ualways" was not, in fact, a sixteen year-old girl. There are also no facts in the warrant application suggesting that "tiffany4ualways" had solicited photos of any kind from any persons other than from Lacy's undercover account, or that "tiffany4ualways" ever contacted Lacy again in the intervening weeks between the date of the one contact and message exchange, October 19, 2018, and the date of the application, November 14, 2018. Under this scenario, there was a "fair probability" that this message exchange was an isolated incident between a sixteen year-old girl and a person whom she thought was another sixteen year-old girl.[6]

Although the warrant application describes the behaviors typical of child pornography collectors, which information is based on Lacy's experience investigating this type of crime,[7] there are no facts suggesting that "tiffany4ualways" is a collector of child pornography. Without additional information, is it not reasonable to presume that an online Kik account, purportedly operated by a sixteen year-old girl, is in fact being operated by a collector of child pornography. Due to the substantial probability, based only on the information in the warrant

---

[6] This conclusion is not to imply or hold that a single message exchange cannot establish probable cause for a search warrant for child pornography, but under this fact-specific scenario, it does not so establish.

[7] See supra note 3 and accompanying text.

12

application, that "tiffany4ualways" was a sixteen year-old child who had not committed any criminal offense, the warrant application did not demonstrate a "fair probability" that evidence of a crime would be found on the electronic devices in the home associated with the "tiffany4ualways" account, and the warrant application therefore did not provide the state magistrate with a "substantial basis" to issue a search warrant. Gates, 462 U.S. at 236, 238-39. Accordingly, the court **FINDS** that the November 14, 2018 warrant application to search the electronic devices in the Defendant's residence did not demonstrate probable cause for the search.

**IV.**

Although the warrant application did not demonstrate probable cause to search the electronics devices in the Defendant's residence, this does not end the court's inquiry on the Defendant's Motion to Suppress. Rather, the court must consider whether the "good faith" exception applies to the November 16, 2018 search.

There are no facts before the court that the warrant application contained false or misleading information, or that the state magistrate failed to act as a neutral decisionmaker. The Defendant has also not argued the search warrant failed to state with particularity the place to be searched or the things to be seized. See Mot. Suppress. Accordingly, the good faith exception will apply in this case, unless the warrant application is "so lacking in indicia of probable cause" that the executing officers

13

could not have reasonably believed there was probable cause for the search. Leon, 468 U.S. at 923.

At the June 11, 2019 hearing, the court received limited evidence and argument on the good faith exception, with the focus of counsel primarily fixed on the issue of probable cause.[8] Specifically, S.D. Lacy, the undercover investigator who applied for the search warrant at issue, did not testify. There is no evidence before the court of whether Lacy knew any facts which were relevant to his probable cause determination, but were omitted from his search warrant application, or of what his training and experience in child pornography cases actually was at the time. Accordingly, at this stage of the proceedings, the court has not been provided with sufficient information to fully consider the potential applicability of the good faith exception to this case. See Thomas, 908 F.3d at 73.

### V.

Having concluded that the warrant application did not demonstrate probable cause to search the electronic devices in the Defendant's residence, the court **DIRECTS** the parties to contact the Calendar Clerk to schedule a second hearing to address the good faith exception. The court further **DIRECTS** the parties to

---

[8] The only evidence introduced to support the good faith exception was a transcript of the message exchange between "tiffany4ualways" and Lacy's undercover internet account. ECF No. 28-2 (exhibit from the hearing of June 11, 2019).

14

submit additional briefing on the good faith exception, outlining their positions in advance of the hearing.[9] The parties shall submit their briefs within fourteen (14) days of the entry of this Memorandum Opinion, and any response briefs shall be submitted within seven (7) days thereafter. The Defendant's Motion to Suppress, ECF No. 15, is **TAKEN UNDER ADVISEMENT** until the parties are fully heard on the good faith exception.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion to the Assistant United States Attorney and counsel for the Defendant.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

July 16, 2019

---

[9] In this briefing, the parties shall also advise the court whether there are any suppression issues regarding the Defendant's interview or any other evidence, other than those related to the electronic devices seized from the residence on November 16, 2018. See supra note 4. If there are further such matters, the parties shall also provide briefing of their positions in this regard.