UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA,**

v.  CRIMINAL NO. 4:19cr41

**SHAWN LIPSCOMB,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the court on the Defendant's Motion to Suppress, filed on May 24, 2019. ECF No. 15. The Defendant argues that all evidence of child pornography obtained pursuant to a search of his residence and electronic devices should be suppressed, because the facts alleged in support of the search warrant were not sufficient to show probable cause that child pornography would be found on these electronic devices. Id. On June 11, 2019, the court held a hearing on the Motion to Suppress, and on July 16, 2019, the court entered a Memorandum Opinion finding that the warrant application to search the electronic devices in the Defendant's residence did not demonstrate probable cause for the search. ECF No. 29. However, the court took the Defendant's Motion to Suppress under advisement to consider whether the "good faith exception" to the warrant requirement applies in this case. Id. at 15. The parties submitted additional

briefing on the good faith exception, ECF Nos. 31-34, and on August 13, 2019, a hearing was held on the good faith exception, at which evidence and argument was presented by counsel for the parties. For the reasons set forth below, the court finds that the good faith exception applies to the search of the Defendant's residence, and the Defendant's Motion to Suppress is therefore **DENIED**.

I.

In its July 16, 2019 Memorandum Opinion, the court found that investigating officer Sean Lacy's search warrant affidavit was not sufficient to establish probable cause. ECF No. 29. The search warrant affidavit describes a single message in which "tiffany4ualways," an online kik account purportedly operated by a sixteen year-old girl, solicited nude photos from an online kik account operated by Lacy, who was posing as a sixteen year-old girl. Id. at 10. The search warrant affidavit establishes that the "tiffany4ualways" kik account was associated with a Cox Communications IP address, with the Cox subscriber being at the residence to be searched. See id. at 3. However, the search warrant affidavit does not establish that any crime was committed during the message exchange, because the photos "tiffany4ualways" solicited do not meet the legal definition of "child pornography." Id. at 10-11 (citing United States v. Doyle, 650 F.3d 460, 473 (4th Cir. 2011)).

2

Moreover, the search warrant affidavit fails to establish probable cause to believe that any other evidence of child pornography would be found at the Defendant's residence. Importantly, the search warrant affidavit does not contain any facts tending to suggest that "tiffany4ualways" was not, in fact, a sixteen year-old girl. Id. at 11-12. There are also no facts in the search warrant affidavit suggesting that "tiffany4ualways" had solicited photos from any persons other than from Lacy's undercover account, or that "tiffany4ualways" ever contacted Lacy again in the intervening weeks between the date of the one contact and message exchange, October 19, 2018, and the date that Lacy submitted his search warrant application, November 14, 2018. Id. at 12. Simply put, the search warrant affidavit leaves open a substantial probability that "tiffany4ualways" was a sixteen year-old child who had not committed any criminal offense, and it therefore does not establish probable cause to search the electronic devices in the residence from which the "tiffany4ualways" messages were sent. Id. at 12-13.

## II.

The good faith exception to the warrant requirement provides that evidence need not be suppressed when the police obtain such evidence through a good faith reliance on a facially valid warrant, even if such warrant is later found to lack probable cause. United States v. Leon, 468 U.S. 897, 920 (1984). If evidence was obtained

3

pursuant to a facially valid warrant, suppression is only appropriate if the officer executing the warrant has "no reasonable grounds for believing that the warrant was properly issued." Id. at 923. The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n. 23. Applying the good faith exception does not require an inquiry "into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant." Id.

There are four (4) specific situations where the executing officers have "no reasonable grounds for believing that the warrant was properly issued," and where evidence must therefore be suppressed, even though it was obtained pursuant to a search warrant: (1) the warrant application contains false or misleading information; (2) the magistrate "wholly abandoned his judicial role" by failing to act as a neutral decisionmaker; (3) the search warrant affidavit is "so lacking in indicia of probable cause" that the officer relying on the warrant cannot reasonably believe there is probable cause for the search; (4) the search warrant is so vague—by failing to state with particularity the place to be searched or the things to be seized—that the executing officers cannot reasonably believe it is a valid warrant. Id. at 923.

4

In its July 16, 2019 Memorandum Opinion, the court concluded that there are no facts before the court that the warrant application contained false or misleading information, or that the state magistrate failed to act as a neutral decisionmaker. ECF No. 29 at 13. The Defendant has also not argued the search warrant failed to state with particularity the place to be searched or the things to be seized. Id. Thus, the court concluded there is only one good faith exception category at issue in this Motion to Suppress, namely, whether the search warrant affidavit was "so lacking in indicia of probable cause" that the officer relying on the warrant could not have reasonably believed there was probable cause for the search. Id. at 13-14 (citing Leon, 468 U.S. at 923).

In his supplemental briefing, the Defendant argues that the court should also consider another category of the good faith exception—specifically, the Defendant argues that the magistrate "wholly abandoned his judicial role" by failing to act as a neutral decisionmaker. ECF No. 31 at 7. The Defendant cites United States v. Wilhelm, 80 F.3d 116, 121 (4th Cir. 1996), in which the Fourth Circuit held that, when a magistrate "rubber-stamps" a "bare-bones" search warrant affidavit, the good faith exception will not apply because the magistrate is failing to act as a neutral decisionmaker. However, the case law the Defendant cites is inapplicable. In United States v. Doyle, 650 F.3d 460, 470 (4th Cir. 2011), the Fourth Circuit clarified its holding in Wilhelm to

5

explain that a search warrant affidavit is only "bare-bones," if it exclusively contains conclusory statements, and does not set forth the actual facts and circumstances that the officer believes support probable cause. Doyle, 650 F.3d at 470. If the search warrant affidavit contains facts and circumstances, and the court's inquiry is confined to the sufficiency of the facts and circumstances alleged, then the court should analyze whether the warrant application is "so lacking in indicia of probable cause" that the executing officers cannot reasonably believe there is probable cause for the search. Id.

In the instant case, Lacy's search warrant affidavit sets forth numerous facts and circumstances about his investigation of "tiffany4ualways"; it is not a "bare-bones" affidavit. Rather, the issue here is whether such facts and circumstances are sufficient to establish probable cause, and the court concluded that the warrant application itself did not so suffice. ECF No. 29 at 13. Accordingly, the court correctly concluded in its July 16, 2019 Memorandum Opinion that the standard to consider the applicability of the good faith exception in this case is whether the warrant application is "so lacking in indicia of probable cause" that the executing officers cannot reasonably believe there is probable cause for the search Id. at 13-14.[1]

---

[1] At the hearing on August 13, 2019, defense counsel asserted that the brief time period in which, and the method by which, the

6

**III.**

Although the court considers only the information set forth in the sworn affidavit when reviewing a magistrate's probable cause determination, in determining whether an officer could reasonably believe there is probable cause for the search, the court may "look beyond the four corners of the affidavit," and consider "facts well known [to the investigating officer] but omitted from the affidavit presented to the magistrate." United States v. Thomas, 908 F.3d 68, 73 (4th Cir. 2018). The court may consider facts the investigating officer omitted from his affidavit, if it determines that "any error appears to have resulted from a simple miscalculation by [the investigating officer] as to how much of what he knew he needed to include in his affidavit to show probable cause." Id. at 75. The court may consider such evidence because the investigating officer's simple miscalculation "is not the kind of deliberate misconduct that the exclusionary rule was intended to deter." Id. (citing Herring v. United States, 555 U.S. 135, 144 (2009)).

---

state magistrate issued the warrant implies that he "rubber-stamped" it. The court does not agree. That it only took approximately seven minutes, and the process was done through videoconferencing and telefax, does not in and of itself support an inference of rubber-stamping, without more. The affidavit was short, and the magistrate asked no questions, so the process only involved minutes. The Defendant offers no other evidence or argument of rubber-stamping.

In its July 16, 2019 Memorandum Opinion, the court concluded that it did not have enough information to determine whether the officer relying on the search warrant in this case could have reasonably believed there was probable cause for the search. Specifically, Sean Lacy, the undercover investigator who applied for the search warrant at issue, did not testify at the court's first hearing on the Motion to Suppress. There was not sufficient evidence before the court of whether Lacy knew any facts which were relevant to his probable cause determination, but were omitted from his search warrant affidavit, or of what his training and experience in child pornography cases actually was at the time he applied for the search warrant. The only evidence introduced to support the good faith exception was a transcript of the message exchange between "tiffany4ualways" and Lacy's undercover kik accounts. ECF No. 28-2 (exhibit from the first hearing on the Motion to Suppress).

At the August 13, 2019 hearing on the good faith exception, Lacy testified to additional facts known to him at the time he applied for a search warrant of the Defendant's residence, which facts he did not include his affidavit. Specifically, Lacy provided additional facts about his message exchange with "tiffany4ualways." He testified that, during his message exchange with "tiffany4ualways," he was able to view information posted on her Skout.com profile, in which "tiffany4ualways" stated that she

was seeking sixteen and seventeen year-old males and females who were interested in stripping off their clothing during a Skype video chat.[2] Lacy also testified that, following his online message exchange with "tiffany4ualways," he contacted kik, who informed him that the email address used to create the "tiffany4ualways" account contained the Defendant's full legal name, Shawn Lipscomb. Lacy further testified that, following his contact with kik, kik shut down the "tiffany4ualways" account due to concerns that the account was being used for improper or illegal purposes.

Lacy also testified about measures he took to determine the identity of the person who sent the "tiffany4ualways" messages. The search warrant affidavit states that, following his message exchange with "tiffany4ualways," Lacy subpoenaed kik, who provided IP addresses from which the "tiffany4ualways" messages were sent, one of which was a Cox IP address. ECF No. 28-1 at 4 (the search warrant affidavit, admitted into evidence during the first hearing

---

[2] Lacy's testimony was that "Misstiff" had posted this information on her Skout.com profile. As was established in the search warrant affidavit, and as noted in the court's July 16, 2019 Memorandum Opinion, the purported sixteen year-old girl Lacy exchanged online messages with used the pseudonym "tiffany4ualways" on the online messaging application kik, and used the pseudonym "Misstiff" on the online service Skout.com. See ECF No. 29 at 2 (the July 16, 2019 Memorandum Opinion, explaining the two pseudonyms used by the purported sixteen year-old girl). Thus, the pseudonym "Misstiff" and the pseudonym "tiffany4ualways" refer to the same online persona with whom Lacy exchanged messages. The pseudonym "tiffany4ualways" is used in this Memorandum Opinion to describe the actions of both "tiffany4ualways" and "Misstiff."

9

on the Motion to Suppress). The search warrant affidavit states that Lacy then subpoenaed Cox, who provided a residential address associated with the "tiffany4ualways" IP address, and also provided that the account holder at that residence was a person named "Tonya Shears." Id. Supplementing this information, Lacy testified at the August 13, 2019 hearing that he investigated Tonya Shears using law enforcement databases and by searching Facebook. From this investigation, he determined that Tonya Shears was married to the Defendant, that both the Defendant and Tonya Shears were approximately forty years old, and that both Tonya Shears and the Defendant lived at the residence from which the "tiffany4ualways" messages were sent and for which the search warrant was sought. Lacy further testified that he used law enforcement databases and Facebook to determine whether a sixteen year-old girl also lived at the residence, but that he found no evidence in any of his research indicating that any teenage girl, or any person other than Tonya Shears and the Defendant, lived at the residence.

Lacy testified that, although he knew these facts at the time he applied for the search warrant at issue, he intentionally omitted this information from his search warrant affidavit. Rather than presenting every fact known to him, Lacy testified that he attempted to present enough information to establish probable cause and obtain the search warrant from the state magistrate,

10

while also protecting the integrity of his investigation by not having too much sensitive information disclosed in the search warrant, a public record, in the event he was not able to locate the Defendant at the residence at the time of the search.

Moreover, Lacy provided additional information about his training and experience. He testified that he had a total of ten (10) years experience working in law enforcement, during which he participated, inter alia, in undercover narcotics investigations, an undercover larceny investigation, and another child pornography investigation, which latter investigation remained ongoing at the time he began investigating the Defendant. Lacy testified that he had received extensive on-the-job training from a senior investigator with the Southern Virginia Internet Crimes Against Children Task Force, and that he also participated in online training seminars on the investigation of child exploitation crimes, which seminars were sanctioned by the National Center for Missing and Exploited Children.

**IV.**

When considering the applicability of the good faith exception in this case, the court now considers the additional facts to which Lacy testified at the August 13, 2019 hearing.[3]

---

[3] The court finds that Lacy was a credible, articulate, straight-forward witness, who testified truthfully and answered directly all questions from both counsel. The court notes that Lacy's experience investigating child pornography crimes was

11

Although Lacy did not include these facts in his search warrant affidavit, Lacy testified that he had no intention to deceive the state magistrate, or to engage in any other police misconduct, by omitting this information. Rather, he acted pursuant to a strategy of disclosing only enough information in his affidavit as he believed was necessary to establish probable cause, while purposefully omitting additional information known to him, in an effort to protect the integrity of his investigation. Since Lacy's omission of these additional facts was due to a "simple miscalculation . . . as to how much of what he knew he needed to include in his affidavit to show probable cause," the court may properly consider the additional facts Lacy testified to at the August 13, 2019 hearing in its consideration of the good faith exception, as Lacy's miscalculation "is not the kind of deliberate misconduct that the exclusionary rule was intended to deter." Thomas, 908 F.3d at 75 (citation omitted).

---

limited, given the fact that he had only begun one child pornography investigation prior to the instant investigation of the Defendant. Lacy's lack of experience in this one area, however, does not mean that Lacy lacked probable cause for his search, and that the good faith exception should not apply, especially given the significant factual basis for probable cause established by Lacy's own direct investigation of this case. Moreover, Lacy was not without significant prior law enforcement experience, and he had specific, recent training in the investigation of child pornography cases.

Considering all facts now known about Lacy's investigation, significant evidence supports Lacy's good faith belief that his search warrant application established probable cause to search the electronic devices in the Defendant's residence. Lacy, using an undercover account in which he posed as a sixteen year-old girl, was contacted online by "tiffany4ualways," purportedly a sixteen year-old girl, who solicited nude photos from Lacy's undercover account. The "tiffany4ualways" account also posted solicitations for erotic video chats with underaged teenagers, which video chats would involve the teenagers stripping off their clothing. Due to these multiple solicitations Lacy observed, and the fact that the video chats "tiffany4ualways" solicited would include "stripping" rather than mere nudity, it was reasonable for Lacy to conclude that "tiffany4ualways" was soliciting a "lewd exhibition" of the nudity of an underaged person, such as would meet the definition of "child pornography" under Virginia law. See Doyle, 650 F.3d at 473 (holding that, to constitute "child pornography" under Virginia law, an image or video must contain a "lewd exhibition" of the nudity of an underaged person).

Following his message exchange with "tiffany4ualways," Lacy contacted kik, and learned that the email address used to create the "tiffany4ualways" account contained the Defendant's full legal name. This email address creates suspicion about the legitimacy of the "tiffany4ualways" account, which was purportedly the account

of a sixteen year-old girl named "Tiffany," not someone named "Shawn Lipscomb." Additionally, due to Lacy's contact with kik, the "tiffany4ualways" account was shut down by kik, explaining why Lacy did not attempt further contact with "tiffany4ualways" following their single message exchange.

Lacy then followed up with kik, and also with Cox, to determine the residential address from which the "tiffany4ualways" messages were sent. During this process, Lacy learned that the Cox account holder for this residence was "Tonya Shears." Investigating Tonya Shears through law enforcement databases and Facebook, Lacy was able to determine that Shears was married to the Defendant, and that both of these people were approximately forty years old. The Defendant's name had already come up during Lacy's investigation, in the email address used to set up the "tiffany4ualways" kik account, and Lacy could reasonably conclude that the fact the Defendant lived at the "tiffany4ualways" residence was significant. Lacy also could not find evidence, either through his law enforcement databases or through Facebook, of any persons other than Tonya Shears and the Defendant who lived at the "tiffany4ualways" residence. Lacy therefore came to the conclusion, which conclusion was extremely reasonable when evaluating the facts known to Lacy at the time, that the Defendant was likely posing as "tiffany4ualways" online, and that it had been the Defendant, rather than any sixteen year-old girl, who had

14

solicited the nude photos and erotic video chats with underaged teenagers.

Considering both the search warrant affidavit, as well as facts well-known to Lacy but omitted from the search warrant affidavit, Lacy's investigation into the Defendant's online solicitations was sufficient to warrant the belief that evidence of child pornography would be found on the electronic devices in the Defendant's residence. Lacy therefore had probable cause to search the electronic devices. Ornelas v. United States, 517 U.S. 690, 696 (1996) (citations omitted) (Probable cause "exist[s] where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found" in the place to be searched.).

Although all of the facts necessary to reach this conclusion were not set forth in Lacy's search warrant affidavit, such facts were well-known to Lacy at the time he applied for the search warrant. Importantly, Lacy did not misrepresent any facts or information to the state magistrate. Lacy therefore possessed a reasonable, good faith belief that the search warrant application he submitted to search the electronic devices in the Defendant's residence was supported by probable cause. See Leon, 468 U.S. at 923 (the good faith exception to the warrant requirement applies if the officer relying on the warrant could reasonably believe that the search warrant application he submitted to the magistrate

15

establishes probable cause for the search). Accordingly, the good faith exception to the warrant requirement applies in this case, and the evidence recovered on the basis of Lacy's November 14, 2018 search warrant application need not be suppressed, even though such application was held by this court to lack probable cause. The Defendant's Motion to Suppress is **DENIED**.

**V.**

For the reasons stated above, the Defendant's Motion to Suppress, ECF No. 15, is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion to the Assistant Federal Public Defender and the Assistant United States Attorney. Counsel for the parties are **DIRECTED** to contact the Calendar Clerk to set a trial date.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

August 28, 2019